[No. 9538. Department Two.—September 25, 1885.]

ALFONZO GINOCCHIO, RESPONDENT, *v.* THE AMADOR CANAL AND MINING COMPANY, APPELLANT, AND SAMUEL W. BRIGHT AND LEOPOLD NEWMAN, INTERVENORS.

ASSIGNMENT—THING IN ACTION—SECURITY—POWER OF ASSIGNEE TO SUE.—If a contract is transferred by an assignment absolute in form, though as security only for a debt less in amount than the sum due or to become due upon the instrument assigned, the assignee is not limited in an action upon the contract to recover the sum due him from the assignor, but may recover the whole amount due thereon, being in turn responsible to his assignor for any excess.

ID.—WATER RIGHT.—The defendant and the plaintiff's assignor, a mining company, entered into a contract under which the former agreed to furnish water to the latter for the purpose of working a quartz mill and mine, through a ditch to be

constructed by the mining company. The latter was to be repaid the expense of building the ditch in water, and in case it abandoned the working of the mill and mine before the payment was complete, then it was to be paid out of the net proceeds of water run through and sold from the ditch. The company completed the ditch and delivered it to the defendant, but before it was repaid the expense of building, abandoned its mining operations. *Held,* that the ditch and water supply were not appurtenant to the mill or mine, and that the rights of the mining company under the contract might be assigned independently of the mill and mining property.

APPEAL from a judgment of the Superior Court of Amador County, and from an order refusing a new trial.

The facts are stated in the opinion.

*James Wheeler,* and *Eagon & Armstrong,* for Appellant.

*James T. Farley,* and *A. C. Adams,* for Respondent.

SEARLS, C. — This is an action brought by Alfonso Ginocchio, as assignee, against the Amador Canal and Mining Company, upon an instrument in writing, to recover the sum of $5,942.72, with interest, in which action Bright and Newman intervened.

The instrument in suit was an agreement dated December 31, 1878, between the Amador Canal and Mining Company, a corporation, and the Moore Mining Company, a mining copartnership, by the terms of which the Amador Company agreed to furnish water to the mining company for five years, to run a quartz mill, at a fixed price per inch, to be supplied through a ditch to be constructed by the mining company. The latter was to be paid the expense of building the ditch by the Amador Company in water, and in case working the quartz mine was abandoned before such payment was received, the Amador Company was to pay the expense of building the ditch in cash, from the net proceeds of water run though and sold from such ditch. The ditch was constructed at an expense of $7,713.65, and delivered to the Amador Company on or about February 1, 1879.

About March 25, 1879, the members of the mining company organized a corporation under the name of the Moore Mining Company, to which they delivered possession of their mill and quartz mine, and verbally assigned their interest in the water contract.

The interest of the mining company in the mines seems to have been only that of the holder of a bond for the conveyance thereof. The corporation worked the mine and received water on the contract of the mining company until September, 1879, when they abandoned operations, and on the 2d day of September, 1879, assigned the water contract to the plaintiff herein, and at the same date the mining copartnership, by C. J. Garland, one of its members, assigned said water contract to plaintiff, of all of which the Amador Company had notice.

On the 3d day of May, 1881, all of the copartners of the Moore Mining Company executed a further assignment of the water contract to plaintiff, and ratified and confirmed the act of C. J. Garland in the assignment of September 2, 1879.

Defendant caused fifty dollars to be paid to plaintiff on account of the contract, February 28, 1881.

It is conceded that defendant had received in net profits from the sale of water from the ditch in question a sum sufficient to satisfy the balance due on the contract.

The intervenors, Bright and Newman, claimed under a mechanic's lien taken upon the mill and mine for work performed for the corporation, and hold a sheriff's deed, under which they claimed the water contract or right and ditch passed to them as appurtenant to the mill and mine.

The court rendered judgment in favor of plaintiff as against defendant and the intervenors; the latter have not appealed.

The first point made by appellant is that the fifth finding is not sustained by the evidence, and is against the evidence. This is the finding in which the court finds a verbal assignment of the water contract. In our view of the case, it is quite immaterial whether the contract was or was not assigned by the mining company to the corporation. Both the mining company and the corporation assigned to the plaintiff, and if the rights under the contract did not vest in him under one of these assignments, they must have done so under the other.

In this connection it is proper to say the third point made by appellant that the assignment by the corporation to plaintiff was as security only cannot be sustained.

By the order of the board of directors, the president of the corporation was authorized to sell, assign, and transfer any and

all property for the benefit of the creditors, to the best possible advantage, or as he may see fit. He assigned the contract absolutely, and the witness Voorhies declares it was not done by way of security, but in payment of a claim of plaintiff against the corporation, amounting to $3,400. The assignment was in form sufficient to transfer title in the chose in action to plaintiff, and if there is in fact any contingent interest remaining in the corporation it is the province of the latter, and not of defendant, to assert it.

If a chose in action is transferred by an assignment absolute in form, though as security only, for a debt less in amount than the sum due, or to become due, upon the instrument assigned, the assignee is not limited in an action upon such chose in action, to recover only the sum due him from the assignor, but may recover the whole amount due thereon, being in turn responsible to his assignor for any excess.

The second point of appellant is not sustained by the evidence.

It certainly does appear that on the 1st of September, 1879, or thereabouts, the corporation quit and abandoned work on the mine. Subsequently thereto Garland, its manager, did some work on his own account and at his own risk, and by consent of the company, upon the mine, but under the testimony, he could not have held the corporation responsible for the expense thereof, and it was not in any proper sense work of the corporation.

The contract upon which the action was brought, both by its terms and its character, was assignable. The ditch which was to be constructed by the mining company was to be paid for by the defendant. It was, according to the pleadings, delivered to the defendant when completed, and possession thereof has ever since been retained by such defendant. The water run through this ditch to the quartz mill was to belong to defendant, after being used to run the machinery. In case work was abandoned at the mine, defendant was to pay for the construction of the ditch out of the proceeds of water sold therefrom.

These facts taken together seem to indicate that defendant owned the ditch, and that neither the structure nor the water to be run through it bore any such relation to the mill or mine as to make them or either of them an appurtenant thereto.

"A thing to be appurtenant to another must be of a different

and congruous nature, such as an easement or servitude, or some collateral incident belonging to and for the benefit of the land." (Story, J. 1 Sum. 21; Civ. Code, § 662.)

Here the ditch and water which it conveyed were not the property of the owners of the mill or mine.

The water supply of a mill will ordinarily pass with a conveyance of the mill, but in order to do so it must belong to the mill, must be the property of the owner thereof, and not of another.

We may add that the question as to whether the water supply did or did not pass to the intervenors, as an appurtenant of the mill, is one that cannot affect the defendant in the manner claimed by it.

The court below found that it *did not pass*, and rendered judgment against the intervenors, from which judgment they have not appealed. They are concluded by the action of the court from asserting any claim to the water under the contract in question.

The motion for a nonsuit was properly denied.

The additional questions of law presented by the record cannot, we think, affect the result, and the judgment and order should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.

Hearing in Bank denied.