[No. 9313.    Department Two. — July 13, 1886.]

## MICHAEL SCHALLARD, RESPONDENT, v. EEL RIVER STEAM NAVIGATION COMPANY, APPELLANT.

CORPORATION — MORTGAGE — EXECUTION OF — AUTHORITY OF OFFICERS — PRESUMPTION. — A mortgage executed in the name of a corporation by its president and secretary, and having the corporate seal attached, is presumed to have been executed in pursuance of a due authorization to such officers, and the burden of proof is on the corporation to show the contrary.

ID. — RESOLUTIONS — PROOF OF EXISTENCE — VALIDITY OF MORTGAGE. — Where the circumstances surrounding the execution of the mortgage show the existence of proper resolutions of authorization, and support the presumption of its authoritative execution, as shown by affixing the corporate seal and the signatures of the proper officers, the mere fact that such resolutions do not appear in the proper book of the corporation is not sufficient to disprove their existence and invalidate the mortgage.

ID. — COUNSEL FEES — RESOLUTION MUST PROVIDE FOR. — In an action for the foreclosure of a mortgage against a corporation, the plaintiff is not entitled to recover counsel fees if the resolution of the corporation authorizing the execution of the mortgage did not provide that the payment of counsel fees should be secured by it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. W. McGraw*, for Appellant.

*Moses G. Cobb*, for Respondent.

FOOTE, C. — The defendant is a corporation formed under the laws of this state, and this action was instituted for the purpose of foreclosing two mortgages, aggregating the sum of $11,941.81, upon the steamer Ferndale, which was constructed by and is the property of the defendant.

Those mortgages and the notes, the payment of which the former were intended to secure, were executed in the name of that corporation by its president and secretary, with the corporate seal affixed. One of the loans of

money was made about one year preceding the commencement of the present action, and the other about fourteen months prior thereto. The money thus obtained was used in the construction of said steamer.

The defense chiefly relied upon is, that the execution of those mortgages was not authorized by the corporation, and that they are invalid as such.

There seems to have been no question but what the money was loaned in the most perfect good faith; that it went toward the building and finishing the steamer of the corporation; that the board of directors of the corporation had lawful power, if exercised at lawful meetings by proper resolutions, to borrow the money and execute the mortgages; and that the corporation received adequate benefit from the transaction.

The contention is, that the meetings of the directors were special in their character, and without proper and legal notice being given to some of the directors who were absent therefrom.

The findings state the fact to be, among other things, that the meetings at which these loans and mortgages were authorized were " adjourned meetings " from regular meetings of said board of directors, and that a majority of said board was present, and that no other notice of said meeting was required by the by-laws of the corporation, except said by-laws stated that regular meetings should be held every three months.

It does not appear that any one of the directors, whether present or absent, objected to the negotiation of the loans or the execution of the mortgages, either at the time it was done or afterwards, which, while it does not affect the question of the legality of their execution, does go far to make it evident that the transaction was a fair one, destitute even of the smallest degree of turpitude. In fact, it seems to be conceded on all sides that the corporation is legally liable for the money in a

proper action, but the defendant contends that the mortgages are invalid.

They have affixed to them the corporate seal, and are proved to be signed by the proper officers. Therefore the latter must be presumed not to have exceeded their authority, and the contrary must be shown by the opposite party. (*Southern California Colony Association* v. *Bustamente*, 52 Cal. 192–196; Angell and Ames on Corporations, sec. 224.)

And although there is some evidence tending to show that the resolutions of the board of directors, as recited in the mortgage, were not in fact adopted in the exact language as set forth therein, yet there is also evidence which shows the existence of those resolutions of authorization, and the trial court on the whole evidence introduced found that the loans and mortgages were, by legal and proper resolutions of said board, expressly authorized and executed.

And where the facts and circumstances surrounding a transaction of this kind show the existence of proper resolutions of authorization, and support the presumption of the authoritative execution of the mortgages, as shown by the corporate seal being thereto affixed, as well as the proved signatures of the proper officers, we do not entertain the opinion that the fact that such resolutions do not happen *to appear in the proper book of the corporation*, should be held absolutely to disprove their existence, and make null and void such instruments as those in controversy here, so signed, sealed, and acknowledged. And this we believe to be the law as declared by this court in the case cited, *supra*, and in Angell and Ames on Corporations, sec. 288.

We perceive no error on the part of the trial court in the admission of evidence over defendant's objections. Such evidence was either pertinent to the issues in the cause, or it did not and could not have worked any prejudice to the defendant.

There is a cross-appeal here by the plaintiff from that part of the judgment which denies counsel fees to his attorneys, and by stipulation the transcript on the defendant's appeal is to be used on said cross-appeal.

The resolutions authorizing the loans and mortgages did not give authority to have attorneys' fees secured in the latter, and for that reason we think the court below properly declined to allow any.

We are of the opinion, therefore, that the judgment as made and entered and the order denying a new trial should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.