[L. A. No. 4171. Department One.—April 12, 1918.]

## C. S. ANDERSON, Appellant, v. G. WICKLIFFE et al., Respondents.

MORTGAGE—FORECLOSURE—ASSIGNMENT BY CORPORATION—SEAL AS EVIDENCE OF AUTHORITY.—In a foreclosure suit by the assignee of a note and mortgage made by the defendant to a corporation, the exclusion of the assignment signed in the name of the corporation by its secretary and bearing the impress of the corporate seal of the corporation, on the ground of the absence of proof of the authority of the secretary, was erroneous, and warranted the reversal of a judgment of nonsuit which had been granted for failure to prove the assignment, since the corporate seal affixed to the assignment afforded a *prima facie* showing that the officer executing the paper had due authority to execute it.

ID.—TRIAL—NONSUIT—INTENDMENTS IN FAVOR OF PLAINTIFF.—On a motion for a nonsuit the plaintiff must be given the benefit of every piece of evidence which tends to sustain his averments, and such evidence must be viewed in the light most favorable to plaintiff's claims.

ID.—CONSIDERATION FOR ASSIGNMENT OF NOTE—IMMATERIAL TO THE MAKER.—The existence of a consideration for the assignment of a note as between the original holder and its transferee is of no concern to the maker of the note.

ID.—CONSIDERATION—IMPORTED BY WRITTEN ASSIGNMENT.—Under section 1610 of the Civil Code, a written instrument of assignment, in itself, imports a consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Waldo M. York, and G. W. Wickliffe, for Respondents.

SLOSS, J.—The defendants executed a mortgage of real property to secure a promissory note made by them to Security Building Company, a corporation. The plaintiff, alleging that he was the assignee of the note and mortgage, brought this action of foreclosure. The defendants denied

the assignment to plaintiff, and set up affirmative defenses, which need not be considered here. At the close of plaintiff's case, the court granted the defendants' motion for nonsuit, and judgment was entered accordingly. The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The motion for nonsuit was based on the grounds that the assignments under which plaintiff claimed had not been proven, and that there was no consideration for the alleged assignments, if such there had been.

The plaintiff introduced testimony that one Yeager was the secretary of Security Building Company, and offered in evidence a writing, purporting to assign to National Building Company the note and mortgage in question. Proof was made that this instrument, which bore the impress of the corporate seal of Security Building Company, was signed, in the name of said Security Building Company, by Yeager as its secretary. Subsequent assignments from National Building Company to E. M. Smith, and from Smith to the plaintiff, were also offered. All these papers were excluded on the ground that there was no proof of the authority of Yeager to execute the first of the assignments. The rulings are assigned as error. There can be no doubt that the claim is well founded. The fact that the corporate seal was affixed afforded a *prima facie* showing that the officer executing the paper had due authority to execute it. (10 Cyc. 1018; Thompson on Corporations, sec. 5105; *Southern California Colony Assn.* v. *Bustamente,* 52 Cal. 192; *Schallard* v. *Eel River etc. Co.,* 70 Cal. 144, [11 Pac. 590]; *Crescent City Wharf Co.* v. *Simpson,* 77 Cal. 286, [19 Pac. 426]; *Andres* v. *Fry,* 113 Cal. 124, [45 Pac. 534].) If the documents offered by plaintiff had been admitted in evidence, as they should have been, there would have been no ground for a nonsuit. The *prima facie* proof of the secretary's authority would not have been overcome, as matter of law, by the circumstances disclosed by the record. On motion for nonsuit, the plaintiff must be given the benefit of every piece of evidence which tends to sustain his averments, and such evidence must be viewed in the light most favorable to plaintiff's claim. We need not here decide whether, if the case had been submitted on the merits without further evidence,

the court might not have properly found that Yeager had no authority.

The existence of a consideration, as between the original holder of the note and its transferee, was a matter of no concern to the maker. (29 Cyc. 1284; *Ginocchio* v. *Amador etc. Min. Co.,* 67 Cal. 493, [8 Pac. 29].) The note being secured by mortgage was not negotiable (*Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110]), and the defenses set up in the answer will therefore be available against the plaintiff, as fully as they would have been against the original payee, when the defendants come to put in their case. But, apart from this, the writing itself imported a consideration (Civ. Code, sec. 1614), and there was, in fact, ample other evidence of consideration.

It becomes unnecessary to consider the further points made by the appellant.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Richards, J., *pro tem.,* concurred.

Hearing in Bank denied.