[Civil No. 2382.  Filed November 6, 1925.]

[240 Pac. 341.]

# THE ARIZONA COTTON GINNING & MANUFACTURING COMPANY, a Corporation, Appellant, v. W. H. SIMS, Appellee.

1. COSTS—APPELLEE'S FAILURE TO PRAY FOR COSTS HELD NOT WAIVER OF COSTS.—Appellee's failure to pray for costs *held* when not accompanied by objection of appellant to their allowance, not waiver of costs, in view of Civil Code of 1913, paragraphs 628, 640, 641.

2. APPEAL AND ERROR—OMISSION OF APPELLEE TO PRAY FOR COSTS ALLOWED TO HIM HELD FORMAL DEFECT, OF WHICH APPELLANT COULD NOT COMPLAIN BECAUSE OF FAILURE TO CALL TRIAL COURT'S ATTENTION THERETO.—Omission of appellee to pray for costs allowed to him *held* formal defect, of which appellant could not complain because of failure to call trial court's attention thereto, either by a motion to retax or to strike the costs, or in any other way.

3. APPEAL AND ERROR—ERROR NOT RAISED IN TRIAL WILL NOT BE CONSIDERED ON APPEAL, UNLESS FUNDAMENTAL IN ITS NATURE.— Error not raised in the trial will not be considered on appeal, unless it is fundamental in its nature.

4. APPEAL AND ERROR—COURT MUST DISREGARD ERROR OR DEFECT IN PLEADINGS OR PROCEEDINGS NOT AFFECTING SUBSTANTIAL RIGHTS OF PARTIES.—Under Constitution, article 6, section 22, and Civil Code of 1913, paragraph 423, it is the duty of the court to disregard any error or defect in the pleadings or proceedings not affecting the substantial rights of the parties.

5. APPEAL AND ERROR—SUPREME COURT WILL NOT PASS UPON MERITS OF CASE INVOLVING ISSUES OF FACT WITHOUT HAVING BEFORE IT EVIDENCE UPON WHICH ISSUES WERE TRIED.—Supreme Court will

---

3.  See 2 R. C. L. 69.
5.  See 2 R. C. L. 135.

not pass upon merits of case involving issues of fact without having before it the evidence upon which the issues were tried.

6. COSTS — APPEAL HELD FRIVOLOUS. — An appeal from a judgment against defendant in action for damages for personal injuries which was obviously without sufficient cause for delay as evidenced by fact that appellant took full statutory time to perfect his appeal *held* frivolous, within Civil Code of 1913, paragraph 1272.

7. COSTS—APPELLEE HELD ENTITLED TO FIVE PER CENT OF JUDGMENT FRIVOLOUSLY APPEALED FROM.—Appellee *held* entitled to five per cent of judgment frivolously appealed from, within Civil Code of 1913, paragraph 1272.

See (1) 15 C. J., p. 107. (2) 3 C. J., p. 884. (3) 3 C. J., pp. 689, 742. (4) 4 C. J., pp. 1168, 1170. (5) 4 C. J., p. 535. (6) 15 C. J., p. 283. (7) 15 C. J., p. 289.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Affirmed.

Mr. Weldon J. Bailey, for Appellant.

Messrs. Hayes, Stanford, Laney & Allee, for Appellee.

ROSS, J.—The appellee, while in the employment of appellant sustained certain personal injuries. He brought suit for damages, charging that such injuries were caused by the carelessness and negligence of appellant. The case, being at issue, was tried before the court with a jury. A verdict for $7,500 was rendered for the appellee on May 15, 1924, and on the same day judgment was entered for that amount.

The appeal was perfected November 14, 1924, or on the last day of the six months' period allowed for an appeal. The record on appeal was filed here January 13, 1925. On February 12, 1925, or on the last day of the thirty days allowed therefor, appellant filed its abstract of record. On April 10, 1925, it filed its opening brief.

The appellee calls the court's attention to the fact that appellant took all the time the law allows to perfect its appeal and for each subsequent step in preparing its case for the consideration of this court, and insists that these things, in connection with the assignments of error, the brief, and the meager record (the evidence not being brought up), all indicate that the appeal is frivolous and solely for delay.

The errors assigned are six in number, stated in briefest form and not argued. Counsel in his opening brief apologizes for this, and promises to file "within 10 days an amended and supplemental brief which will point out and present to the court the errors complained of by appellant." This promise was not kept. We will be as brief in considering appellant's claimed errors as it has been indifferent in presenting them.

The first is that the court erred in overruling its demurrer (to complaint, we suppose, although it .does not so state). No defect in complaint has been called to our attention.

The second is that the court erred in refusing to place witnesses under the rule. There is nothing in the record but appellant's bare statement upon which to predicate such an assignment.

The third, fourth and fifth assignments are that the court erred: (1) In refusing to reduce the damages, the verdict appearing to have been given under the influence of passion; (2) in refusing to reduce the damages, they appearing to be excessive; and (3) in refusing to set aside the verdict as contrary to law and without support in the evidence. The evidence at the trial not being before us, we have no way of knowing or finding whether there is any basis for these assignments.

Assignment 6 is that the court erred in allowing appellee his costs; he not having demanded costs in

his complaint. Appellant's whole argument of this assignment is contained in this one statement in its brief:

"A litigant is not entitled to his costs as a matter of right, but he must demand them in his complaint."

We presume what is meant by this statement is that a litigant may waive his costs, and a failure to pray for costs should be construed as a waiver. Paragraph 628, Civil Code of 1913, gives to the successful party his costs, except it be otherwise provided by law. Paragraph 640, Id., provides, in effect, that if the party in whose favor judgment is rendered wants his costs, he shall file a verified statement thereof with the clerk of the court, and serve opposing party or his attorney with a copy of such statement, within ten days after judgment, or within such time as shall be given him by the court. Paragraph 641, Id., allows the opposing party to except to the statement at any time within five days after receipt thereof.

In view of these provisions of the statute we do not think there is any merit in appellant's claim of error, but, if there were, it would seem appellant is hardly in position to urge it. The absence of a prayer for costs was not called to the trial court's attention on appellant's motion for a new trial nor in any other manner. No motion was made to retax or to strike the costs claimed by appellee. The profession is familiar with the rule that error not raised in the trial, unless of a fundamental nature, will not be considered on appeal. The profession is also familiar with the constitutional and statutory provisions making it the duty of the court to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and which also provide that no judgment shall be reversed or affected by reason of such error

or defect. Section 22, article 6, Const.; paragraph 423, Civ. Code, 1913. At most, the omission to pray for costs was a formal defect, and must have been so regarded by appellant, judging from its failure to say anything about it until the case reached this court.

In our opinion it would be a very difficult task to make up an appeal record that would more clearly manifest a purpose to hold up the successful litigant in obtaining the fruits of his judgment than this record shows. The full time for appeal was taken as also to perform other necessary acts afterwards. The assignments and brief bear no evidence of a sincere purpose to prosecute the appeal. No fundamental error is suggested, and no one knows better than appellant that this court will not undertake to pass upon the merits of a case involving issues of fact without having before it the evidence upon which the issues were tried. Obviously the appeal was without sufficient cause and for delay and, within the meaning of the law, frivolous. Paragraph 1272, Civ. Code; *Williams* v. *West Publishing Co.*, 18 Ariz. 534, 164 Pac. 317; *Mounce* v. *Garrett*, 19 Ariz. 304, 169 Pac. 458; *Moore* v. *Blackstone*, 20 Ariz. 328, 180 Pac. 526; *Scott* v. *Cowan*, 21 Ariz. 245, 187 Pac. 267.

We therefore feel it to be our duty to allow appellee, as damages for a frivolous appeal, the sum of $375, or five per cent of the judgment appealed from, and it is so ordered.

The cause is remanded, with directions to the lower court to amend its judgment to conform with this opinion.

Judgment affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.