24359. THOMPSON *v.* WRIGHT, administrator.

STEPHENS, J. 1. A transaction between a husband and a wife, in which she gives a note for the purchase-price of land, is not a sale by the wife of any part of her estate which as declared in the Code, § 53-504, would require an order of the superior court to render the transaction valid. *Thompson* v. *Wright*, 182 *Ga.* 380 (185 S. E. 341), reversing the judgment of the Court of Appeals. 51 *Ga. App.* 817.

2. In a suit to recover on a note, a plea that the note is void in that it

was executed by a married woman as maker to her husband as payee for the purchase-price of land sold by him to her, and that its execution had not been allowed by an order of the superior court of the county of the wife's domicile, sets out no legal defense.

3. A claim sued on is not subject to demurrer on the ground that it is barred by the statute of limitations, unless it affirmatively appears from the pleading demurred to that the claim is thus barred. Where from the pleadings it appears that the claim or demand relied upon is one arising ex contractu, and it does not affirmatively appear that the claim did not arise from the breach of a contract which had been executed under seal, and it does not appear when the right of action accrued upon the claim or demand relied on, but it appears only that it accrued more than eight years before the institution of the suit to recover thereon, and since a right of action for violation of a contract executed under seal may be brought at any time within twenty years from the accrual of the right of action, it does not affirmatively appear from the pleadings that the contract or demand relied on was barred by the statute of limitations. Therefore, in a plea of counter-claim to a suit on a note which was filed on July 24, 1933, in which it is alleged that by a contract between the maker of the note and the payee, made in the year 1902, the maker, who was the wife of the payee, would "look after a farm belonging to him, and they would share equally the profits of the farm and the payee's salary earned by him in another occupation, that the salaries and profits amounting to a designated sum had been retained by the payee, and the maker had not been paid her proportionate part thereof, and that the payee was indebted to the maker therefor at the time of the execution of the note on December 30, 1924, it does not affirmatively appear from the allegations of the plea that the indebtedness did not arise from the violation of a contract not under seal, but it does appear that the indebtedness claimed arose at some indefinite period between 1902, and December 30, 1924. It therefore does not affirmatively appear that at the time of the filing of the counter-claim the right of action for the indebtedness sued on had accrued more than twenty years before, and it does not appear affirmatively that the counter-claim was barred by the statute of limitations.

4. It is no defense by the maker of a note that the transfer of the note by the payee to the transferee is without consideration. The transferee, as the holder of a note indorsed to him by the payee, is the holder of the legal title, and can maintain suit thereon. It is immaterial to any right of the maker whether the transfer was made for a consideration.

5. The fact that the transferee of a note is a young woman with whom the payee of the note (the husband of the maker) traveled and upon whom he had spent money which belonged to his wife, constitutes no defense to the administrator of the maker, in a suit on the note against him by the transferee thereof.

6. The plea and answer of the defendant, except in so far as it set out a counter-claim, set out no defense to the note sued on. The counter-claim was good against the only demurrer interposed, which was on the ground that it appeared from the allegations of the plea that the claim set out therein was barred by the statute of limitations. Except as indicated in

paragraph 3, the court erred in overruling the demurrers to the plea and answer; and the subsequent proceedings which resulted in a verdict for the defendant on the defenses indicated in par. 2 were nugatory.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 15, 1936.

*H. B. Strange, R. Lee Moore,* for plaintiff.
*Hinton Booth,* for defendant.