[Civil No. 3842. Filed October 18, 1937.]

[72 Pac. (2d) 682.]

HATTIE L. MOSHER, Appellant, v. KATIE F. YOUNG, Appellee.

Mr. George F. Macdonald, for Appellant.

Messrs. Townsend & Jenckes, for Appellee.

ROSS, J.— This is an appeal from an order denying the motion of appellant Mosher, to set aside a sale of real estate under special execution in a foreclosure of a mortgage. The motion is not verified or supported by any evidence. Its allegations, therefore, will not be considered except where supported by the record of the case.

 The first ground of the motion is that the superior court of Maricopa county was without jurisdiction to try and determine the foreclosure case because one of the defendants therein had petitioned the United States District Court for Arizona to remove the same into said court upon the ground that the petitioner could not obtain justice in the courts of Arizona—a rather strange ground to present for removal to the federal court. There is, however, no allegation that the case was ever removed or ordered removed,

and an entire absence of any proof that the case was ever taken out of the state court.

■ The second ground is that the mortgage is void because it was acknowledged before the mortgagee's attorney-in-fact and agent in making the loan to defendant, Mosher. If such acknowledgment is contrary to law, the question should have been presented to the court in the foreclosure proceeding. It came too late, even granting that it had merit, after the judgment and execution sale.

■■ The third ground is that the sale was advertised and posted before the special execution came into the hands of the sheriff. There is no evidence of the truth of this statement other than an inference from the recital in the sheriff's subscription of the notice of sale as follows: "Dated this 17th day of December, 1935." This notice, however, recites that it was published and posted in pursuance "of an execution and order of sale" issued on "the 18th day of December, 1935." The execution bears the date of December 18th. The sale was not advertised before that date. The notice of sale had its first publication on December 21st, according to the proof of publication by the newspaper. The sale took place on January 14, 1936. The sheriff's return shows that the notice of sale was posted in three public places in the county, one of which was at the courthouse door, for three weeks next before the sale. There is nothing in the record to refute the return. The statute, section 4221, Revised Code of 1928, as amended by chapter 66, Laws of 1929, provides the time and manner of giving notice of sale of real property under execution, as follows:

"Notice of sale under execution shall be made as follows: . . .

"In case of real property, by posting notices for not less than fifteen days successively before the day of

sale in three public places in the county, one of which shall be at the court house door, and publishing a copy thereof in a newspaper for three weeks before the day of sale.''

Nothing appears in the record showing, or tending to show, that these things named in the statute were not done. There is nothing in the record showing the notice of sale was posted or published before the execution was issued. The date given the notice was no doubt a clerical error, but we cannot see wherein appellant's rights were prejudiced thereby. The law aims to uphold sales and will not set them aside for mere irregularities. 35 C. J. 98, § 159.

The other grounds of the motion to vacate the sale have no support in the record. They are based upon the unverified and uncorroborated statements of appellant, in many respects contradictory of the record.

The appellee asks this court to assess damages against the appellant for a frivolous appeal taken for delay only. Section 3684, Revised Code of 1928. We are satisfied this is a case in which we should exercise the power given by the statute. The record shows, from start to finish, a studied effort on the part of the appellant to delay the appellee in the collection of an honest debt for money loaned appellant by appellee. Her only defense to the note and mortgage was a general denial, but at the trial she introduced no evidence whatever. Then there was the delay of the trial caused by petitioning the United States District Court to remove the case to that court upon a ground not recognized as a cause for removal. She strenuously objected to the form of the judgment of foreclosure and, failing in all these dilatory efforts, she filed her motion to set aside the sale about thirty days before the running of the redemption period. When the court denied the motion, she appealed from the order and further delayed appellee in her effort to collect

a debt against which no defense was made and presumably could be made. For a case in point see *Arizona Cotton Ginning & Mfg. Co.* v. *Sims,* 29 Ariz. 198, 240 Pac. 341.

The order of the court denying the motion to vacate the sale is affirmed.

And, it appearing that the appeal is frivolous and for delay only, it is ordered that appellee recover of appellant $100 damages and her costs.

McALISTER, C. J., and LOCKWOOD, J., concur.