**CAMERON COUNTY WATER IMPROVEMENT DIST. NO. I v. HOWELL.**

No. 10225.

Court of Civil Appeals of Texas. San Antonio.

Dec. 22, 1937.

Rehearing Denied Jan. 19, 1938.

Lewis & Russell, of San Antonio, for appellant.

P. G. Greenwood, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, G. C. Howell, instituted this suit against appellant, Cameron County Water Improvement District No. 1, seeking to recover the amount of principal, interest, and attorney's fees alleged to be due on a certain promissory note for the principal sum of $10,000, dated January 2, 1935, due January 2, 1936, signed by the water district and payable to appellee, Howell.

The water district set up in its answer that the note sued upon was a renewal note and that the indebtedness evidenced by the note was originally one due by appellant to the Valley State Bank of Harlingen, Tex. Appellant further alleged that said bank transferred the original note to appellee, Howell, after it was insolvent, or in contemplation of insolvency, and that therefore such transfer was null and void by reason of the provisions of articles 531 and 532, R.C.S.1925.

The attorneys entered into a stipulation as to most of the facts in this case, and from this agreement it is plainly deducible that the water district executed a note for the sum of $10,000, to the Valley State

Bank, on October 6, 1931; on October 12, 1931, the bank transferred this note to appellee, G. C. Howell, and on October 17, 1931; the bank closed its doors and ceased to do business, because of insolvency. On November 6, 1931, appellant paid appellee $66.65 interest and renewed and extended the time of payment of the note until February 1, 1932; on February 1, 1932, appellant paid appellee $200 interest, and again renewed and extended the note to January 2, 1933; on January 2, 1933, appellant paid appellee $712.44 interest, and again renewed and extended the note until January 2, 1934; on April 2, 1934, appellant paid appellee $800 interest, and again renewed and extended the note to become due and payable on January 2, 1935; on January 7, 1935, appellant paid appellee $800 interest, and again renewed and extended the note to January 2, 1936, and this last renewal note is the one sued on herein.

It is also shown by the agreement that in various ways the appellant listed this indebtedness and recognized it as a just claim against the district.

It is further shown that the Valley State Bank was completely liquidated on October 23, 1934.

The trial judge recites in his judgment that both parties appeared in open court and announced and agreed that there was but one issue to be decided, which was the issue of the insolvency of the Valley State Bank at the time it transferred and assigned this $10,000 note to G. C. Howell; whereupon the court sustained the demurrers and special exceptions of appellee directed at that part of appellant's answer wherein appellant set up as a defense to the note sued on that the original transfer of the note by the bank to Howell was null and void as being condemned by the provisions of articles 531 and 532, R.C.S.1925, to which action appellant excepted and declined to make any amendments of its pleadings.

The judgment further recites that the court considered all questions of law and fact and found for appellee for the amount of principal, interest, and attorney's fees due on the note. From this judgment the water district has appealed.

The appellant assigns as error the action of the trial judge in sustaining the demurrers and exceptions to that part of its answer wherein it pleaded that the transfer of the note from the bank to Howell was void. It occurs to us that under the agreed facts in this case such a defense was not available to appellant, and it was not reversible error for the court below to sustain a general demurrer to that portion of appellant's answer.

■ It is shown by the agreement that appellant executed its note to the Valley State Bank on October 6, 1931, that the bank closed its doors on October 17, 1931; on November 6, 1931, knowledge was brought home to appellant that the bank had in the intervening time transferred the note to G. C. Howell. Appellant recognized Howell as the owner of the note, and six times renewed the indebtedness by paying accrued interest and executing to Howell renewal notes. Appellant stood by and permitted the liquidation of the bank to become completed and after all of this had transpired and after suit had been filed, for the first time, set up as a defense to the payment of the note that the original transfer by the bank to Howell was null and void, and that therefore Howell was not the owner of the note.

■ It occurs to us that appellant is not a proper party to raise this question. Appellant does not deny that it must pay the sum provided for in the note, but it objects to paying it to Howell. With knowledge of all the facts above set forth, it does not contend that it ever called upon the receiver of the bank to bring a suit to set aside the transfer of this note to Howell or that the receiver ever refused to bring such a suit after being requested to do so. On the contrary, appellant dealt with Howell as the real owner of the note for about five years.

Appellant could not defend against the payment of this note upon this belated pleading of a void transfer, some five years before the suit was filed, in view of all the admitted circumstances surrounding this transaction.

The judgment will be affirmed.