458 P.2d 971

**Frank X. FLETCHER and Richard W. Raybourn, individually and doing business as Macko Leasing Co., a partnership, and Corporate Investments, Limited, an Arizona corporation, Appellants,**

v.

**Willie B. HILL, also known as W. B. HILL, and Patricia E. Hill, husband and wife, Appellees.**

**No. I CA–CIV 750.**

Court of Appeals of Arizona.

Division 1.

Department B.

Sept. 25, 1969.

Morgan & Ruch, by Larry G. Ruch and Filipe K. Johansson, Phoenix, for appellants.

Pain & Julian, and Moore, Romley, Kaplan, Robbins & Green, by Kenneth J. Sherk, Phoenix, for appellees.

JACOBSON, Judge.

This appeal arose from the granting of a judgment by the Superior Court of Mari-

copa County, sitting without a jury, foreclosing a mortgage upon real property situate in Maricopa County.

On October 25, 1961, defendants-appellants, Frank X. Fletcher and Richard W. Raybourn agreed to purchase lots numbered 8, 9, 10, and 11 of Forest Hills Subdivision, Maricopa County, upon which apartment houses had been constructed. Legal title to this property was at that time vested in Union Title Company as trustee for the benefit of Ben Smith and Melba Smith, parents of one Kenneth Smith. From the record it appears that Kenneth Smith was the moving party in the negotiation for the sale and held a partnership interest in the apartment complex with his parents. Fletcher and Raybourn agreed to pay $162,000.00 for the property, payable as follows:

Earnest money deposit     $ 7,500.00
Assumption of first mortgage  114,000.00
Assumption of second mortgage 23,214.88
Balance of purchase price,
evidenced by a promissory note
secured by a third mortgage   17,285.12

The third mortgage and promissory note are the subject of this litigation.

On November 17, 1961, Fletcher and Raybourn executed the promissory note in the sum of $17,285.12 and third mortgage referred to above to Union Title Company. The note was due and payable in its entirety on or before October 27, 1964.

Pursuant to escrow instructions Union Title Company on November 24, 1961, assigned and transferred the subject note and mortgage to Bill D. Stevens and Geraldine Stevens, his wife. To understand this transaction it is necessary to relate some brief history occurring prior to the sale to Fletcher and Raybourn.

On March 8, 1961, Stevens and Hill Roofing Company, a corporation consisting of Bill D. Stevens and appellees-plaintiffs W. D. Hill and Patricia Hill obtained a judgment against Kenneth Smith in the sum of $9,246.88. Collection efforts on this judgment had proved fruitless, although three writs of garnishment had been served on Union Title Company. Kenneth Smith in order to placate Stevens and Hill Roofing Company and as an inducement to it to forego collection of this judgment and to release the three writs of garnishment, agreed to transfer the Fletcher and Raybourn third mortgage and promissory note to Bill and Geraldine Stevens. As a consequence, the garnishments were released on November 22, 1961, and on November 27, 1961, title to the subject property passed to Fletcher and Raybourn.

In December, 1961, Bill Stevens and plaintiffs terminated their business relationship, plaintiffs acquiring the entire business. As a part of this termination, Bill and Geraldine Stevens endorsed the note in question to Stevens and Hill Roofing Company and assigned the mortgage to plaintiffs in consideration of which plaintiffs gave to Stevens their own promissory note for the sum of $4,500.00 contingent upon the payment of the Fletcher and Raybourn note. The Fletcher and Raybourn note was subsequently endorsed by Stevens and Hill Roofing Company to the plaintiffs in consideration of the plaintiffs' cancelling a $12,000.00 indebtedness owed by the corporation to them. The $4,500.00 Hill promissory note was subsequently cancelled by the Stevens for the sum of $2,665.00.

On October 13, 1964, prior to the due date of the Fletcher and Raybourn promissory note, Fletcher and Raybourn contacted plaintiffs relative to an extension of this note. Subsequent to this contact, Fletcher and Raybourn brought all interest on the note current and agreed to pay the sum of $1,000.00 per month on the note in consideration of which plaintiff agreed to forego collection of the note in its entirety. Payments under this arrangement continued until October 1, 1965, when no further payments were made. Suit for foreclosure was filed on February 9, 1966. On March 3, 1966, Fletcher and Raybourn conveyed the subject property to defendant Corporate Investments Limited, Kenneth Smith being a principal stockholder thereof. The corporation took

title to the property with full knowledge of the pending litigation and agreed to indemnify Fletcher and Raybourn from all claims of the plaintiff.

On October 6, 1966, the original March 8, 1961, judgment against Kenneth Smith expired because it was not renewed in accordance with law.

At time of trial the sum of $13,415.73, together with interest at 8% per annum from October 1, 1965, was due and owing on the promissory note. The mortgage securing the same had by this time become a second mortgage.

The defendants, in their briefs raise the following defenses to the foreclosure action:

1. That the note and mortgage sued upon were given as collateral security for the March 8, 1961, judgment and were of no force and effect after the judgment expired.

2. That there was no consideration given for the note and mortgage by Fletcher and Raybourn and therefore it was void.

3. That the promissory note was usurious.

4. That no consideration existed for subsequent transfers on the note and mortgage.

5. That plaintiffs are not holders in due course and therefore all of these defenses were available to the defendants.

At the time of oral argument, defendants' counsel waived the defense of usury and agreed that adequate consideration existed initially for the promissory note in question, but urged lack of consideration in the subsequent transfers of the note and the collateral security aspects of the note and mortgage for the March 8, 1961, judgment.

■ In the opinion of the court, the defendants had no other choice than to admit the existence of valid consideration flowing to both parties for the initial execution of the promissory note and third mortgage by Fletcher and Raybourn. A.R.S. Section 44–425 (1956)[1] provides with respect to negotiable instruments, that "[v]alue is any consideration sufficient to support a simple contract." The note and mortgage were given by the defendants Fletcher and Raybourn to Union Title Company as the balance of the purchase price for the property. They received the property, Union Title received the balance of the purchase price as evidenced by the note and third mortgage. Obviously, consideration to support a simple contract was present. Defendants having admitted this patent fact, and waiving the usury argument, their appeal to this court must fail.

■ If adequate consideration exists for the execution of a promissory note, it is immaterial to the maker whether consideration exists for subsequent transfers by the holders of the note in question, and a maker may not defend on the grounds of lack of consideration for the subsequent transfers. Anderson v. Wickliffe, 178 Cal. 120, 172 P. 381 (1918); 10 C.J.S. Bills and Notes § 515 (1938).

■ The defendants cite no authority to this court for the proposition that the note and mortgage being collateral to secure the March 8, 1961, judgment, died when the judgment died. This is not surprising, for that proposition, as to these defendants is completely without basis. As to Fletcher and Raybourn, the note and mortgage represented the balance due on the purchase price of the property in question. It did not "collateralize" anything. Whether the transfer by Union Title to Stevens was as collateral to secure the Stevens and Hill Roofing Company judgment is, as we have pointed out, immaterial to the makers of the note and mortgage in question. We need not decide in this action whether or not plaintiffs

1. All citations to title 44 in this opinion, are to be Uniform Negotiable Instrument Act prior to enactment of the Uniform Commercial Code on January 1, 1968.

were holders in due course, it being admitted that they are in fact holders. The position of a holder in due course merely protects such holders from defects in the note. A.R.S. Section 44–457 (1956). Here there are no defects in the note upon which these defendants can rely.

 Plaintiffs in this action request this court to impose the penalty set forth in A.R.S. Section 12–2106 (1956) for a frivolous appeal. While this appeal comes close to the spirit of Section 12–2106 we are not sufficiently convinced in view of the multiple transaction of the parties, which were introduced by the plaintiffs in their case in chief, that the appeal was sought primarily for delay or was entirely frivolous.

Judgment affirmed.

EUBANK, P. J., and HAIRE, J., concur.