491 P.2d 501

Dewan GANGADEAN and V. D. Gangadean, husband and wife, Appellants,

v.

John P. BYRNE, Appellee.

No. 1 CA–CIV 1602.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 13, 1971.

the defendants. The defendants counterclaimed for "loss of rent and other losses $900.00". In effect the defendants contended that they were justified in not returning the security deposits to plaintiff because plaintiff had breached his obligations under the lease when he allegedly left the residence in a damaged condition at the expiration of the lease term.

The pertinent provisions of the lease read as follows:

"Lessee shall also maintain the leased premises, carpets, drapes and equipment etc. and keep same in good use and care.

\*   \*   \*   \*   \*   \*

". . . that at the expiration of time mentioned in this Lease, peaceable possession of the said premises shall be given to the lessor, in as good condition as they now are, the usual wear, inevitable accidents and loss by fire excepted; . . . ."

The matter was tried to the court and judgment was entered for plaintiff for the amount prayed for together with interest. Defendants were denied any recovery on their counterclaim.

On the appeal from the trial court's judgment, defendants set forth four questions. Questions numbered 1 and 4 deal with the sufficiency of the evidence and will not be discussed in detail in this opinion. It is enough to state that the evidence clearly supports the judgment entered by the trial court.

Defendants' question numbered 2 is as follows:

"2. Whether it was just and equitable, considering the length of time that had lapsed and the original contractors and estimators were no longer available, for the Superior Court to deny the Appellants the opportunity to put into evidence the documents in support of Appellants' claim and contention which are included in the Abstract of Record on Appeal, pages 28 thru 33, and which were denied admission on a trivial technicality as shown in Reporter's Tran-

Dewan Gangadean and V. D. Gangadean, in pro. per.

Mehrens & Pearce by Craig Mehrens, Phoenix, for appellee.

HAIRE, Judge.

Plaintiff Byrne filed an action in the Maricopa County Superior Court to recover from the defendants, Mr. and Mrs. Gangadean, sums totaling $1224.00 which had been deposited with the defendants as security deposits in connection with the leasing of a residence by the plaintiff from

**114**

script of Proceedings, page 65, lines 4 thru 23."

■ First, although not particularly relevant to the legal question involved, it should be noted that no evidence was presented by defendants that the original contractors and estimators were no longer available. Plaintiff objected to the admission of the documents referred to by defendants on the grounds of lack of foundation, hearsay and immateriality. These documents were estimates for the painting of a residence and estimates for the purchase of certain materials. No proper foundation was laid to show the materiality of these documents, nor was there any evidence presented which would bring these documents within any exception to the hearsay rule. The trial court correctly sustained plaintiff's objections to their admission into evidence.

■ The final issue raised by defendants was expressed as follows:

"Whether the action of the Superior Court denied the [defendants] a full and fair trial by sustaining certain objections made by [plaintiff] and overruling certain objections made by [defendants]."

In their briefs filed in this Court defendants do not refer to any specific objections, nor to any particular rulings of the trial court. It apparently is defendants' intention that this Court should search the entire record and review each ruling made by the trial court. Time limitations prohibit such an expenditure of judicial man-hours. It is for this reason that prior decisions of the appellate courts of this State have repeatedly held that an appellant must specify with particularity and with transcript reference such rulings of the trial court as he desires to question on appeal. Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966); Clemens v. Clark, 101 Ariz. 413, 420 P.2d 284 (1966). In the case *sub judice,* in reviewing the questions raised by defendants concerning the sufficiency of the evidence, the Court has read in its entirety the transcript of the trial, and in fact the Court, did not find any error in the trial court's rulings.

■ In summary, the transcript reflects ample testimony by the plaintiff and his witnesses in support of the trial court's implied finding that plaintiff properly maintained the leased premises and returned them to defendants in as good condition as they were at the inception of the lease, usual wear excepted. Further, we find no error in the rejection of the documentary evidence proffered by defendants.

■ After fully reviewing the record in the trial court and the questions raised by defendants on this appeal, the Court is of the opinion that there were clearly insufficient grounds for the bringing of this appeal, and that the appeal was taken for delay and was entirely frivolous. If defendants had been represented by counsel we would have no hesitancy in invoking the provisions of A.R.S. § 12–2106 and assessing damages against them for taking a frivolous appeal. The question arises, should a different standard be imposed because defendants have prosecuted this appeal *in propria persona?* We think not. The orderly and fair administration of the judicial process demands that this Court apply its rules and the statutes equally to all parties appearing before the Court. Comments made by the defendant, Mr. Gangadean, during oral argument indicate that he is a man of considerable intelligence and wealth. His choice to appeal without counsel was voluntarily made, and that choice resulted in plaintiff being subjected to unwarranted attorneys' fees in defending a frivolous, dilatory appeal.

The judgment of the trial court is affirmed, and in addition plaintiff-appellee is hereby awarded judgment against the defendants in the sum of $150.00 as and for damages for prosecuting a frivolous appeal. Undoubtedly the amount herein awarded for damages will not be sufficient to reimburse plaintiff for the attorneys' fees which he has incurred in connection with this appeal. However, the provisions

of A.R.S. § 12–2106 will not permit the award of damages in an amount sufficient to accomplish that result.

JACOBSON, P. J., and EUBANK, J., concur.