547 P.2d 47

**DGP TRUCKING CO., Appellant,**

v.

**FOPA T.RUCKING CO. (formerly John Mc-Cabe Trucking, Inc.), Pacific Motor Trucking Company, Thunderbird Freight Lines, Inc., Reliance Truck Co., Pima Transportation, Inc., Cement Transporters, Inc., and Svennson Freight Lines, Inc., Appellees.**

**No. I CA–CIV 3197.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 18, 1976.
Rehearing Denied April 23, 1976.
Review Denied May 25, 1976.

Richard J. Herbert, Phoenix, for appellant.

Evans, Kitchel & Jenckes, P.C. by Earl H. Carroll, Phoenix, for appellees Pacific Motor Trucking Co. and Thunderbird Freight Lines, Inc.

Otto H. Linsenmeyer, Phoenix, for appellee Fopa Trucking Co.

Yankee & Bernstein by A. Michael Bernstein, Phoenix, for appellees Reliance Truck Co., Pima Transportation, Inc., Cement Transporters, Inc. and Svennson Freight Lines, Inc.

OPINION

SCHROEDER, Judge.

This is an appeal from a Superior Court judgment vacating the issuance by the Arizona Corporation Commission of a Certificate of Public Convenience and Necessity to the appellant. The trial court's judgment was based upon findings and conclusions of law that the Corporation Commission had acted arbitrarily, unreasonably and in excess of its authority by failing to give the appellees, who are other

common motor carriers, an opportunity to rectify any inadequacy of service pursuant to A.R.S. § 40–607(C). We hold that the Superior Court's judgment must be affirmed. We further conclude that this is an appropriate case for the imposition of sanctions under A.R.S. § 12–2106 relating to frivolous appeals.

The underlying facts can be briefly summarized. In 1971, the appellant DGP Trucking Company (hereafter DGP) applied to the Corporation Commission for a Certificate of Public Convenience and Necessity authorizing it to operate as a common motor carrier to transport lumber and related building materials. The Commission held hearings on the application during 1972, and the appellees appeared to protest the application on the ground that the service appellees were providing was adequate and, therefore, prevented issuance of additional certificates under A.R.S. § 40–607(C).

The Commission entered its opinion and order granting DGP's application on December 18, 1972. The Commission's opinion included the following Findings of Fact relating to the adequacy of existing service:

"4. Two motor carrier inspectors from the Arizona Corporation Commission investigated shipper's complaints about poor service and found indications that there were instances of public difficulties in acquiring lumber haulers using flatbed equipment and who have authority to ship non-lumber related building materials on the same load.

"5. Representatives for two different shippers appeared as witnesses and offered testimony to the effect that their particular companies had experienced difficulties in acquiring lumber haulers using flatbed equipment and who also had authority to ship non-lumber related building materials on the same load."

The Commission made the following Conclusions of Law:

"1. There is an inadequacy of service at the present time from existing carriers to serve the shipping public who require lumber haulers using flatbed equipment and who have authority to ship non-lumber related building materials on the same load.

"2. There is a present public need and necessity for lumber haulers using flatbed equipment and who have authority to ship non-lumber related building materials on the same load."

On July 20, 1973, the Commission dismissed a petition for rehearing stating that its prior decision was correct and "should remain in full force and effect."

Appellees then filed appeals to the Maricopa County Superior Court, which were consolidated for trial conducted on March 21, 1974. While the transcript of that trial is not before us, the record does reflect that the only testimony offered was on behalf of appellees. DGP relied upon the record before the Corporation Commission which was placed in evidence.

■ The trial court, in setting aside the Commission's granting of the certificate to DGP, correctly held that the Corporation Commission was required to give existing carriers an opportunity to improve service before a new certificate could be issued to a competing common carrier. The Arizona Supreme Court has clearly set forth that requirement in *Whitfield Transportation, Inc. v. Tucson Warehouse & Transfer Co.,* 78 Ariz. 136, 139, 276 P.2d 954, 955 (1954):

"During the past years this court has several times announced the law to be that under the provisions of . . . [A. R.S. § 40–607(C)], when an existing common carrier is serving a territory, no other competing certificate shall issue without first giving the existing carrier an opportunity to render such service as the commission might determine to be adequate and satisfactory. The opportunity and a subsequent failure to render the prescribed service are es-

sential jurisdictional facts to empower the issuance of the second certificate. *Arizona Corporation Commission v. Hopkins*, 52 Ariz. 174, 79 P.2d 946; *Betts v. Roberts*, 63 Ariz. 337, 162 P.2d 423."

This holding was reaffirmed in *Corporation Commission of the State of Arizona v. Pacific Motor Trucking Co.*, 100 Ariz. 87, 412 P.2d 33 (1966).

DGP does not challenge the correctness of this principle of law. Instead it challenges the trial court's finding that the Corporation Commission did not in fact offer appellees an opportunity to improve service. The only issue presented is the sufficiency of the evidence:

> "The test, therefore, is whether there is substantial evidence in the record before this Court to support the finding of the superior court that the order of the Commission herein . . . was shown by clear and satisfactory evidence to be unlawful." *Arizona Corporation Commission v. Reliable Transportation Company*, 86 Ariz. 363, 372, 346 P.2d 1091, 1097 (1960).

■ The record of proceedings before the Corporation Commission, which is the only evidence before the trial court which has been transmitted to us, amply supports the trial court's findings. From that record, it is clear that the Commission did not give the appellees an opportunity to improve service, nor did it ever find that they were unable to improve service. DGP cites to nothing in the Commission's order or in the transcript to contradict the trial court's findings.

DGP argues that the lapse of time between the Commission's hearings and its decision in and of itself was sufficient opportunity for appellees to improve service. We disagree. Prior to the Commission's issuance of the certificate to DGP, the appellees received no notice that their service was considered inadequate by the Commis-

sion, and were not given an opportunity to improve service. We must also reject DGP's further suggestion that appellees were given sufficient opportunity between the time of the original decision and the decision on rehearing. In dismissing the petition for rehearing, the Commission merely reaffirmed its previous issuance of the certificate, a certificate which under the applicable law, it was without jurisdiction to issue. *Whitfield Transportation, Inc. v. Tucson Warehouse & Transfer Co., supra.*

Since the remainder of the evidence before the trial court has not been transmitted to us, we must assume that it supports the findings of the trial court. *Chemi-Cote Perlite Corp. v. Harborlite Corp.*, 4 Ariz. App. 268, 419 P.2d 398 (1966).[1] We, therefore, conclude that the trial court's judgment setting aside the issuance of the certificate of convenience and necessity to DGP is correct as a matter of law and its findings fully supported by the evidence. The issues raised by DGP in this appeal are wholly without merit.

■ By virtue of the provisions of our Arizona Constitution, Art. 15, Sec. 17, and A.R.S. § 40–254, DGP has benefited greatly by the delay caused in prosecuting this appeal. Under our Constitution and statutes, Corporation Commission orders must "remain in force pending the decision of the courts." *See Whitfield Transportation, Inc. v. Brooks*, 81 Ariz. 136, 302 P.2d 526 (1956). Thus DGP has had the full use of this certificate issued by the Commission on December 18, 1972 throughout the extended course of this litigation. A thorough inspection of the record in this case reflects that this appeal has been prosecuted primarily for purposes of delay and is frivolous. Particularly in the light of the ever-increasing caseload in the appellate system, such appeals should be deterred. *See Gangadean v. Byrne*, 16 Ariz.App. 112,

---

1. DGP has not attempted to rely on any of the other evidence before the trial court. Its counsel has avowed to the Court in ar-

gument that the other testimony presented to the trial court did not support the position of DGP in this appeal.

491 P.2d 501 (1971). *See also Mosher v. Young,* 50 Ariz. 389, 72 P.2d 682 (1937); *Compass Realty & Investment Corp. v. A A Refrigeration & Heating, Inc.,* 21 Ariz. App. 214, 517 P.2d 1107 (1974); *Fletcher v. Hill,* 10 Ariz.App. 351, 458 P.2d 971 (1969). A.R.S. § 12–2106 expressly provides for sanctions when there has been prosecution of a frivolous appeal, and we invoke the sanctions here.

The judgment of the trial court is affirmed, and in addition, damages are assessed against DGP and in favor of the appellees in the amount of $500, the maximum amount allowed under the provisions of A.R.S. § 12–2106 for the prosecution of a frivolous appeal.

JACOBSON, P. J., and WREN, J., concur.