Troy E. DAVIS, Appellant,

v.

WATSON BROS. PLUMBING, INC., Appellee.

No. 20525.

Court of Civil Appeals of Texas, Dallas.

Feb. 26, 1981.

Rehearing Denied March 25, 1981.

Alvin Boyd, Dallas, for appellant.

Esir Tobolowsky, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This is an appeal by plaintiff Troy E. Davis from an adverse judgment in an action on a check instituted by plaintiff against defendant Watson Bros. Plumbing, Inc. The case was initially tried in the justice of the peace court. A trial *de novo* was then had in the county court at law, whence this appeal lies. The county court rendered judgment for plaintiff in the amount of $40.88. Because we hold that plaintiff was entitled to recover the full face amount of the check, $152.38, we reverse the judgment of the county court and render judgment for plaintiff in the amount of $152.38.

Defendant was the drawer of a check for $152.38 payable to its employee Arnett Lee. Lee, in turn, endorsed the check over to plaintiff, who operated a liquor store. After Lee endorsed the check to plaintiff and after plaintiff had placed cash on the counter, Lee stated that he wanted to buy a six-pack of beer and a bottle of scotch. When plaintiff turned to obtain the requested merchandise, a thief grabbed approximately $110.00 of the $150.88 ($152.38 less a $1.50 check cashing fee) for which plaintiff cashed the check. Lee took the remainder of the $150.88, approximately $40.88, and notified defendant of the theft. Defendant issued Lee a second check for $152.38 and stopped payment on the first check. Plaintiff sued defendant based on the dishonor of the first check.

The county court rendered judgment for plaintiff for the $40.88 that Lee actually received from plaintiff. Plaintiff, as appellant, asserts that since he proved that he was the holder of the check and since defendant failed to raise any valid defenses, defendant was liable to him for the full face value of the check, $152.38. We agree.

"Holder" is defined in Tex.Bus. & Com. Code Ann. § 1.201(20) (Tex. UCC) (Vernon 1968) as: *"[A] person who is in possession of* a document of title or *an instrument* or an investment security drawn, issued or *indorsed to him* or to his order or to bearer or *in blank."* Under the undisputed facts, Lee, the payee endorsed the check in blank to plaintiff, who is now in possession of the check. Thus, as a matter of law, plaintiff is a "holder" under the code. Tex.Bus. & Com.Code Ann. § 3.413(b) (Tex. UCC) (Vernon 1968), which sets forth the rights of a holder, provides, in pertinent part, that: "The drawer engages that upon dishonor of the draft . . . *he will pay the amount of the draft to the holder* or to any indorser who takes it up." Thus, the defendant is liable to the holder of the dishonored check unless the defendant has raised a valid defense against the holder.

The rights of a holder not in due course [1] are subject to the defenses specified in Tex.

---

**1.** Appellant also contends that he is a holder in due course. We need not pass on this contention because of our disposition in favor of appellant as a holder.

Bus. & Com.Code Ann. § 3.306 (Tex. UCC) (Vernon 1968), which provides:

> Unless he has the rights of a holder in due course any person takes the instrument subject to
>
> (1) all valid claims to it on the part of any person; and
>
> (2) all defenses of any party which would be available in an action on a simple contract; and
>
> (3) *the defenses of want or failure of consideration*, non-performance of any condition precedent, non-delivery, or delivery for a special purpose (Section 3.408); and
>
> (4) the defense that he or a person through whom he holds the instrument acquired it by theft, or that payment or satisfaction to such holder would be inconsistent with the terms of a restrictive indorsement. *The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party.* [Emphasis added.]

Defendant here asserts that it may raise want or failure of consideration in the transaction between *plaintiff and Lee*, its payee, as a defense to plaintiff's enforcement of the instrument against it. We disagree.

■ Tex.Bus. & Com.Code Ann. § 3.408 (Tex. UCC) (Vernon 1968), provides, in pertinent part that: "Want or failure of consideration is a defense against any person not having the rights of a holder in due course ...." The comments to section 3.408 provide that: " 'Consideration' refers to what the obligor has received for his obligation, and is important only on the question of whether his obligation can be enforced against him." Thus, any holder can enforce the obligation of a draft against the drawer regardless of whether the holder gave anything in consideration for the draft to his endorser. The drawer can assert as a defense to enforcement of the draft want or failure of consideration only to the extent such defense lies against the payee of the draft. Thus, the fact that a holder remote to the drawer's transaction with the payee did not give full consideration for the draft is not a defense available to the drawer. *Fletcher v. Hill*, 10 Ariz. App. 351, 458 P.2d 971 (1969); 2 F. Hart & W. Willier, Bender's Uniform Commercial Code Service § 12.14[1] (1976).

This is true because the drawer's sole obligation on the check is to pay it according to its tenor. Consequently, the fact that the transfer of the check by the payee to the transferee is without consideration is immaterial to the drawer's obligation and is not a defense available to the drawer against the holder. *Thompson v. Wright*, 53 Ga.App. 875, 187 S.E. 311, 312 (1936). A similar conclusion was reached by the San Antonio Court of Civil Appeals in *Cameron County Water Improvement Dist. No. 1 v. Howell*, 112 S.W.2d 543, 544 (Tex.Civ.App. —San Antonio 1937, writ ref'd). In that case the court held that a defendant maker was not the proper party to raise as a defense that the transfer of the note to the holder was void. Consequently, that court concluded that the maker could not assert the defense that the equitable ownership of the instrument was in someone other than the holder-plaintiff.

■ The rationale of this, and other decisions reaching the same conclusion, is that the maker or drawer of an instrument admittedly owes the money and he should not be permitted to bring into the controversy equities of parties with which he has no connection. *Rogers v. Squires*, 98 N.Y. 49 (1885); *Kinney v. Kruse*, 28 Wis. 183 (1871). Furthermore, if the drawer or maker is permitted to assert the defense of another party such as the payee, the judgment on that issue would not be binding on the third party claimant who is not a party to the suit. *See Warren v. Haight*, 65 N.Y. 171 (1875).

■ Because defendant here may not assert want or failure of consideration in the transaction between plaintiff and Lee, and

because defendant has asserted no other defense against plaintiff, plaintiff is entitled to recover the full face value of the check under section 3.413(b) of the Texas Uniform Commercial Code. Accordingly, the judgment of the trial court is reversed and judgment is rendered that plaintiff recover judgment against defendant for $152.38 and all costs.