[Civil No. 4751. Filed October 8, 1945.]

[162 Pac. (2d) 423.]

AMOS A. BETTS, WILSON T. WRIGHT and WILLIAM PETERSEN, as Members of and Constituting the ARIZONA CORPORATION COMMISSION, Appellants, v. JEROME BERNARD ROBERTS, Doing Business as PARKER TRANSFER, Appellee.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, and Mr. Phil Jacobson of Counsel, for Appellants.

Messrs. Jennings, Salmon & Trask, for Appellee.

STANFORD, C. J.—On May 29, 1942, appellants received from the Western Truck Lines, Ltd., a corpora-

tion, its application for an order of the Arizona Corporation Commission for a certificate of public convenience and necessity authorizing the transportation of freight and express between Parker, Arizona, and Ehrenberg, Arizona, passing through and serving all intermediate points, including the Japanese Relocation Center of Poston. For a long time prior thereto the Western Truck Lines, Ltd., was the holder of certificates of convenience and necessity issued by the Arizona Corporation Commission for transportation as a common carrier of property, freight and express between Phoenix and Ehrenberg, Arizona, and between Phoenix and Parker, Arizona.

The application of the Western Truck Lines, Ltd., was protested by the appellee herein. In July, 1942, the certificate as prayed for by said Western Truck Lines, Ltd., was granted.

Some eighteen miles south of Parker, Arizona, there had been established, before the application of the Western Truck Lines, Ltd., a certain relocation camp for Japanese persons, the place being known as "Poston." Prior to the time of the Western Truck Lines, Ltd., being issued its certificate of convenience and necessity, the appellee herein had served the town of Parker and vicinity for twenty-five miles thereabouts, including the town of Poston, by reason of a certificate of convenience and necessity issued to him by the appellants.

In addition to intrastate commerce by the Western Truck Lines, Ltd., it also conducted a business through parts of the State of Arizona by authority of the Interstate Commerce Commission, operating between points in the State of California and points in the State of Arizona.

In August, 1942, appellee filed his complaint in the superior court of Maricopa County, Arizona, complaining, mainly, that the Arizona Corporation Commission

had not, before the issuance of its certificate to the Western Truck Lines, Ltd., to operate, determined by its order, or otherwise required appellee to extend or improve the services rendered by him in such manner as to meet any public convenience and necessity found and determined by said Arizona Corporation Commission to exist, or to provide such services as said commission might deem necessary. The complaint of appellee asked that said superior court make and enter an order adjudging said order of the commission void and illegal and that the certificate of convenience and necessity issued was contrary to law.

From a judgment of the superior court granting the relief prayed for by plaintiff therein, this appeal is taken.

One of the principal contentions of the appellant is:

"It was not possible, practicable or convenient, to haul this large amount of freight by motor carriers from Phoenix, a large part under refrigeration, and to dump the same on the local transfer service at Parker, operated by appellee; and to have the same merchandise reloaded, recooled by other refrigeration service (none being available at Parker) and hauled by transfer or vicinity service to the camps at Poston."

It is further contended by the appellant:

" . . . that the plaintiff-appellee in this action could not render the necessary service, having no rights to operate *between* Phoenix and other points and places within the 25 miles of Parker, Arizona, to which his certificate is limited. He contends that commodities should have been delivered to him at Parker for ultimate re-delivery to points within a radius of 25 miles, notwithstanding the fact that *plaintiff-appellee offered no scheduled service, did not have adequate equipment to handle large consignments, and had minimum rates which would prohibit the movement of shipments in small loads,* by unloading and reloading at Parker."

Sec. 66–506, Arizona Code Annotated 1939, under the heading of "Common motor carrier certificates—Application therefor" in part, reads as follows:

" . . . provided, that when an applicant requests a certificate to operate over a route, or routes, or in a territory already served by a common motor carrier, the commission shall have power, after hearing, to issue such certificate only when the existing common motor carrier operating over such route, or routes, or serving such territory, will not provide such service as shall be deemed satisfactory by the commission."

In the instant case no request was made by the Corporation Commission to the appellee to improve his service.

The soundness of this statute is upheld in the case of *Arizona Corporation Commission* v. *Hopkins*, 52 Ariz. 174, 79 Pac. (2d) 946. We quote:

"This is an appeal by the Corporation Commission, hereinafter referred to as the commission, from a judgment of the Superior Court of Maricopa County vacating and setting aside a certificate of convenience and necessity issued by such commission on March 31, 1937, to P. J. Gragnon, Jr., as a common carrier by motor vehicle of farm products in the City of Yuma and vicinity with a radial area of twenty-five miles.

"The appellees were at the time holders of certificates of convenience and necessity and operated as common carriers of farm products in the same territory. They appeared by an agent at the hearing of Gragnon's application for a certificate and protested against his being granted a certificate on the grounds that he had not shown 'that the operators in that territory are not giving satisfactory service and . . . that his services are necessary.' The commission ordered the issuance of a certificate of convenience and necessity to Gragnon at the hearing.

.    .    .    .    .    .    .    .    .    .

"We think upon the hearing that if it appeared to the commission that the service appellees were rendering in the City of Yuma and vicinity was unsatisfac-

tory to the commission, it should have designated wherein it was insufficient or inadequate and given the appellees an opportunity to provide satisfactory service, or an opportunity to refuse to do so, before it had power to issue a certificate to Gragnon."

Bearing on the same subject, or construction to be placed on Sec. 66–506, *supra,* in the case of *Corporation Commission* v. *Pacific Greyhound Lines,* 54 Ariz. 159, 94 Pac. (2d) 443, 451, the court said:

" . . . The proper procedure to be followed by the commission, under the circumstances set forth in the record, was as follows: It should first have examined the new service offered by the applicant and determined whether it is more in the interest of the traveling public than that furnished by the plaintiff. If its answer is in the affirmative, it should then offer to the plaintiff an opportunity to furnish such new service, and if plaintiff can, and will, do so, should deny the application. . . . "

The Japanese Relocation Camp at Poston is reached by trucks entering it by going to Parker, Arizona, on the pavement and then going south to Poston and after the delivery of goods returning to Parker.

In view of the fact that this appellee was never requested by the Corporation Commission to provide satisfactory service to handle freight and express, we hold from the foregoing authorities that the commission was without authority to issue the certificate to Western Truck Lines, Ltd.

The judgment is affirmed.

LaPRADE and MORGAN, JJ., concur.