276 P.2d 954

**WHITFIELD TRANSPORTATION, Inc., a corporation, Appellant,**

v.

**TUCSON WAREHOUSE & TRANSFER CO., a corporation, Appellee.**

**No. 5868.**

Supreme Court of Arizona.

Nov. 29, 1954.

Yale McFate, Phoenix, for appellant.

Darnell, Robertson, Holesapple & Spaid, Tucson, for appellee.

WINDES, Justice.

Tucson Warehouse & Transfer Company, a corporation, filed a complaint in the Superior Court of Maricopa County against the Arizona Corporation Commission alleging in substance that the defendant-commission had theretofore issued plaintiff a certificate of convenience and necessity authorizing it to operate as a common carrier for the transportation of various classes of freight including liquids in bulk within Pima and Pinal counties; that while this certificate was in force, pursuant to the application of Whitfield Transportation, Inc., the defendant commission, after hearing, granted such applicant a certificate of convenience and necessity to operate motor vehicles as a common carrier for the trans-

portation of petroleum products in bulk in tank trucks between points and places within the state of Arizona; that the commission prior to granting the Whitfield certificate made no finding that the service rendered by the plaintiff was inadequate or insufficient and did not find that plaintiff was unable to or is not furnishing the same service in Pima and Pinal counties which Whitfield offered to perform; that the commission had not directed plaintiff to improve its service; that plaintiff was able, ready and willing to institute whatever service public convenience and necessity require; and that the commission did not give plaintiff an opportunity to provide satisfactory, sufficient or adaquate service under its certificate. Defendant's answer admitted the issuance of the two certificates, admitted the commission did not find plaintiff's services to be inadequate or that plaintiff was unable to furnish the service, and admitted the commission did not direct plaintiff to improve the service and did not give it an opportunity to provide satisfactory and adequate service.

Whitfield Transportation, Inc., was allowed to intervene and filed an answer wherein for all legal purposes involved herein made the same admissions of fact as those made by the defendant.

Plaintiff moved for summary judgment, supporting the motion with affidavits substantially following the allegation of facts set forth in the complaint. In opposition to the motion, intervenor filed the affidavit of its Arizona manager setting forth the extent of operations under its certificate and indicating that it had been extensively serving Pima and Pinal counties; that public convenience and necessity requires its operations; and that plaintiff had completely failed and refused to serve under its certificate in the transportation of petroleum and petroleum products in bulk. Summary judgment was entered to the effect that the order of the commission granting the Whitfield certificate and the certificate, insofar as they authorized operation in Pima and Pinal counties, were set aside. Intervenor appeals and by appropriate assignments presents all pertinent propositions to test the validity of the summary judgment.

■ If on the record as presented to the trial court there appears any disputed fact which is susceptible of proof at the trial that could, if proven, lead to a judgment different from the summary judgment, the matter must await trial and the rendition of a summary judgment under such circumstances would be error. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712. As appears from the substance of the pleadings and affidavits, admittedly the second certificate was issued without giving the first certificate holder an opportunity to render the service authorized under the subsequent certificate. If it is necessary that this opportunity be given by the commission before it is empowered to issue intervenor's certificate, there is no fact that could be

proven at the trial which could cause a judgment different from the one rendered.

■ During the past years this court has several times announced the law to be that under the provisions of section 66–506, A.C.A.1939, when an existing common carrier is serving a territory, no other competing certificate shall issue without first giving the existing carrier an opportunity to render such service as the commission might determine to be adequate and satisfactory. The opportunity and a subsequent failure to render the prescribed service are essential jurisdictional facts to empower the issuance of the second certificate. Arizona Corporation Commission v. Hopkins, 52 Ariz. 174, 79 P.2d 946; Betts v. Roberts, 63 Ariz. 337, 162 P.2d 423.

■■ To avoid the effect of the foregoing decisions appellant urges that since it appears in the record a dispute exists as to whether appellee has completely failed and refused to furnish the service of transporting petroleum products in tank cars, section 66–506, supra, was not violated by the commission. The contention is made that the statute properly construed would apply only when the service contemplated under the second certificate is actually being rendered by the prior certificate holder and there being a dispute on this fact, it was entitled to try the issue and secure judgment, if it successfully proves such fact in the superior court. We cannot agree with this contention. The purpose of the portion of the statute under consideration is to eliminate competition. To allow both certificates to issue because of deficiency, whether total or partial, creates a competitive situation, and thereby defeats the purpose of the statute. Under the conditions now existing in this case both of these certificate holders are authorized to compete, the very thing the statute was designed to prevent. To avoid this situation the statute requires the commission to give the first holder the opportunity to rectify any kind of inadequacy in service before a competing certificate can issue.

■ When application is made for a certificate which would conflict with one already issued, there is created an issue on a jurisdictional fact, to wit: whether and to what extent the existing carrier is rendering the service contemplated by the applicant. This issue must be determined by the commission in the manner prescribed by law as heretofore announced by this court. The commission cannot ignore the jurisdictional fact and leave it for determination by the superior court.

The judgment is affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.