344 P.2d 167

**ARIZONA CORPORATION COMMISSION,**
and Intervenor C. R. Maddux,
Appellants,

v.

**G. L. GIBBONS, Appellee.**

No. 6529.

Supreme Court of Arizona.

Sept. 24, 1959.

Rehearing Denied Oct. 27, 1959.

Robert Morrison, Atty. Gen., and Frederick E. Kallof, Asst. Atty. Gen., and Langmade & Sullivan, Phoenix, for appellants.

Evans, Kitchel & Jenckes, Earl H. Carroll, Phoenix, for appellee.

UDALL, Justice.

This is a joint appeal by the Arizona Corporation Commission, and C. R. Maddux, from a judgment of the superior court of Maricopa County, vacating and setting aside an order of the Commission granting an amended certificate of convenience and necessity to intervenor Maddux to haul "ore and ore concentrates" state-wide within Arizona. G. L. Gibbons, a certificated common carrier, was one of the plaintiffs below and is the sole appellee here. We shall refer to the individual parties by surname, and the regulatory body as the Commission.

The facts necessary for a consideration of the issues involved may be stated as follows:

Prior to the year 1955, the Commission had issued to Maddux a certificate of convenience and necessity authorizing a limited transportation of "ores and ore concentrates" (principally under contract), but confined to certain areas in Mohave and Yuma counties. On September 6, 1955, Maddux filed with the Commission an application for an amended certificate for a state-wide privilege of handling ores and ore concentrates. After proper notice a hearing was had thereon on September 21, 1955, and the matter taken under advisement.

In the year 1953 the Commission had issued to Gibbons a certificate or certificates of convenience and necessity authorizing a limited transportation of "ores and ore

concentrates" within a radius of 25 miles of Patagonia and within a radius of 50 miles of Tucson. On September 17, 1955, Gibbons filed with the Commission an application for an amended certificate for a state-wide privilege of handling such products; a hearing was had thereon on October 19, 1955, and the matter taken under advisement.

Later, at an executive meeting of the Commission, both the Maddux and Gibbons applications for state-wide certificates were granted, and the Secretary of the Commission was directed to issue the necessary amended certificates. The Secretary, in carrying out the Commission's instructions in preparing the certificates, somehow dated the Gibbons certificate December 1, 1955, and dated the Maddux certificate December 2, 1955. This consecutive dating forms the basis for certain contentions which will be hereinafter noted. It should also be stated that at approximately the same time, similar state-wide certificates to haul ore and ore concentrates were issued by the Commission to James Bond and Al Mann; however, the validity of these latter certificates is not here drawn in question.

A copartnership, d. b. a. the R. E. Canion Construction and Trucking Company, was, on November 16, 1955, issued a corrected certificate of convenience and necessity to transport state-wide, over the public highways, "sand, rock, gravel, road mix, plant mix, and *earthy materials*" (emphasis supplied). This copartnership joined with Gibbons in opposing granting by the Commission of a state-wide certificate to Maddux to transport ores and ore concentrates, this upon the theory that the words "earthy materials" contained in their certificate— which was a renewal of a prior certificate —embraced ores and ore concentrates. After the Maddux certificate had been granted, Gibbons and the Canions joined in an application for rehearing on the grounds that (1) there was insufficient evidence of the need for operating rights granted to Maddux; and (2) there were common carriers duly certified, including these protestants, willing and able to serve the territory, and the Commission had failed to observe the requirements of section 66–506, A.C.A.1939 (hereinafter referred to as A.R.S. § 40–607, subd. C) by first offering them an opportunity to furnish such service. While this application for rehearing was not specifically ruled upon, it was denied by operation of law; and such application necessarily formed the basis for the subsequent court action. See A.R.S. § 40–253, subd. C.

Thereafter Gibbons and the Canion copartnership, as plaintiffs, timely filed in the superior court of Maricopa County a civil complaint against the Corporation Commission, asking that the Maddux certificate dated December 2, 1955, be cancelled and held for naught. The court permitted Maddux, who it was shown was the real party

in interest, to intervene as a defendant. At the trial no evidence was offered by plaintiffs in support of the first ground for rehearing. Furthermore the court, invoking the ejusdem generis rule, held, as a matter of law, that the phrase "earthy materials" contained in the Canion certificate "does not include ores and concentrates". The copartnership did not appeal from this ruling, nor has it made an appearance as an appellee in the instant case.

The issue, therefore, was finally narrowed down to the proposition—upon which Gibbons rested his case—that he, having a certificate dated one day prior to the Maddux certificate, was entitled as a matter of law to an opportunity to furnish such service before the Commission could properly approve the Maddux application. The learned trial court by its judgment resolved this issue in favor of Gibbons and against Maddux. This appeal followed.

In the final analysis, the case must turn upon whether or not the Corporation Commission acted beyond its statutory authority in granting a certificate of convenience and necessity to Maddux without extending to Gibbons the protection afforded by section 40–607, subd. C, supra. This in turn will depend upon a determination of whether Gibbons was within the terms of the statutory language, i. e., was already "operating over the route or serving the territory" at the time when the Maddux application was docketed with the Commission.

This court held, in Whitfield Transportation Co. v. Tucson Warehouse & Transfer Co., 78 Ariz. 136, 276 P.2d 954, that the question of whether the service proposed by the applicant would conflict with operations under an existing certificate is a question of jurisdictional fact, i. e., until a finding has been made that there would be no conflict, the Commission is without jurisdiction to grant the proposed certificate.

The crucial question then arises, *at what point in time* is the Commission to consider the facts in order to determine whether a conflict exists? It has been pointed out by this court that the Commission, in determining whether or not a certificate of convenience and necessity is to be granted, is sitting as a quasi-judicial body. Its function is to hear the evidence, weigh the facts, and arrive at a determination based upon those facts, Pacific Greyhound Co. v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404. This being the case, the point of view of the Commission in such a proceeding must of necessity be retrospective. Its decisions must rest upon those facts existing at a time prior to the hearing and order. Obviously an attack upon the orders of the Commission cannot be grounded upon facts and occurrences which arose subsequent to the time of that tribunal's hearing and findings. The statute does not specify the precise point in time at which the then-existing facts are to be

considered. However, the language of the statute is significant:

"* * * *when an applicant requests a certificate to operate over a route, or in. a territory already served by a common motor carrier,* the commission may, after hearing, issue a certificate only when the existing common motor carrier operating over the route or serving the territory, will not provide service deemed satisfactory by the commission." A.R.S. § 40–607, subd. C. (Emphasis supplied.)

The inference is clear that the legislature contemplated the Commission would look at the conditions in being at the time of the application in question. This court has endorsed such an inference. In the landmark case of Corporation Commission v. Pacific Greyhound Co., 54 Ariz. 159, 178, 94 P.2d 443, 451, the court, dealing with this identical provision, accepted as correct the following proposition of law, viz.:

"* * * that the commission, when called upon to pass upon the application, *may consider it as of the time when the application was filed and in light of the facts then existing.*" (Emphasis supplied.)

Moreover, in the more recent Whitfield case, supra, Justice Windes, speaking for a unanimous court, stated:

"*When application is made for a certificate which would conflict with one already issued,* there is created an issue on a jurisdictional fact, to wit: whether and to what extent the existing carrier is rendering the service contemplated by the applicant. This issue must be determined by the commission in the manner prescribed by law as heretofore announced by this court. *The commission cannot ignore the jurisdictional fact and leave it for determination by the superior court.*" 78 Ariz. 139, 276 P.2d 956. (Emphasis supplied.)

If this rule is to be followed, Gibbons cannot ask the superior court to determine a factual situation on evidence (i. e., the clerical dating of the certificates to Gibbons and Maddux) that was not before the Commission when the hearing was held, and the testimony taken by it.

■ In the instant case it is clear upon the record that, at the time the application now in dispute was filed by Maddux, Gibbons not only was not operating under a conflicting certificate, but he had not even applied for such a certificate himself. Furthermore there is no evidence that Gibbons was already "serving the territory". when the Maddux and Gibbons applications were heard, or during the time when the applications were under advisement, nor even when the Commission finally authorized the certificates in question. Therefore the Commission was not required to first

allow Gibbons an opportunity to furnish such service.

We hold that the Commission had jurisdiction to issue the certificate of convenience and necessity to Maddux, and hence the trial court erred in setting same aside.

Judgment reversed.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.