412 P.2d 33

The CORPORATION COMMISSION of the State of Arizona, and Mit Simms, William T. Brooks and John H. Barry, as Members of and comprising the same, Appellants,

v.

PACIFIC MOTOR TRUCKING COMPANY, a corporation, Arizona Express, Inc., a corporation, and Alabam Freight Lines, a corporation, Appellees.

No. 6313.

Supreme Court of Arizona.

En Banc.

March 10, 1966.

Rehearing Denied May 10, 1966.

Darrell F. Smith, Atty. Gen., Robt. W. Pickrell, Wade Church, Robert Morrison, former Attys. Gen., Minne & Sorenson, Phoenix, by Richard Minne, Phoenix, of counsel, for appellants.

Thomas F. Tobin, Phoenix, for appellee Alabam Freight Lines.

UDALL, Justice.

The Corporation Commission is here appealing the judgment of the trial court voiding the Commission's award of a certificate of convenience and necessity to Schade Transfer & Storage Company. The two appellees, Pacific Motor Trucking Company and Arizona Express, have voluntarily stipulated to abandon their operating rights in so far as they pertain to the application of Schade Transfer & Storage Company. Alabam Freight Lines is now the sole appellee.

Alabam, Pacific, and Arizona Express had certificates of convenience and necessity to transport certain commodities over certain routes. Schade Transfer & Storage Company applied to the Corporation Commission for a certificate of convenience and necessity in 1948 to transport some of the same commodities over the same routes. Schade offered to install special equipment, mechanically controlled refrigeration units, for perishables. After a hearing before the Commission, on December 27, 1948, the Commission ordered that all of the carriers represented as protestants against the application of Schade, that is, Alabam, Pacific, and Arizona Express, be given "sixty (60) days to improve their service by acquiring controlled mechanical refrigeration units for use on their respective lines."

The Opinion and Order of the Corporation Commission dated March 11, 1949, stated:

"On March 1, 1949 the application [of Schade] was dismissed. From the evidence offered the interested carriers have complied with the order of December 27, 1948."

In June of 1953 Schade again filed a similar application with the Corporation Commission. Alabam, again one of the protestants, appeared and objected to the granting of a certificate to Schade for the territory being served by it. On July 30, 1953, the Corporation Commission issued an order and opinion granting Schade's application. In that opinion and order the Commission said:

"the public convenience and necessity requires a storedoor pickup and inside delivery service for the transportation of the commodities set forth in applicant's application by mechanically controlled refrigerated motor vehicles."

The opinion also referred to the prior opinion denying Schade's application, as follows:

" * * * the protestants to the application at that hearing, who were also protestants to the application in this hearing, were then directed to improve their service by securing mechanically controlled refrigerated units for the transportation of such commodities; that the evidence further established

that the protestants, * * * have not furnished storedoor pickup and delivery by mechanically controlled refrigerated motor vehicles of the commodities described in this application and for such reason it is the considered opinion of the Commission that they have failed in their duty to the public to provide such service after having been afforded ample opportunity so to do.

" * * * that the transportation of such commodities in such a manner is a highly specialized and different service to that offered by the protestants; that the applicant has equipment transportation service and is a fit and adapted and suited for such specialized proper person to be granted a certificate therefor."

Following this Opinion and Order, Alabam petitioned for rehearing before the Corporation Commission, stating that Alabam Freight Lines had a certificate of convenience and necessity issued by the Corporation Commission, authorizing it to transport the commodities sought to be transported by Schade, and that the Commission had not, prior to its Order and Opinion of July 30, 1953, found the services being rendered by Alabam Freight Lines, in the territory it was certificated to serve, to be unsatisfactory, insufficient or inadequate to meet the needs of the people, business or communities in said territory. The petition claimed that Alabam had complied with all previous orders of the Commission. The petition stated:

"The Commission has not, in this hearing, directed or ordered Alabam Freight Lines to improve or extend the services being presently rendered by it within the state of Arizona, or to institute any new service in any of said Counties, so as to meet any public convenience and necessity which might have been."

Alabam also claimed that the action of the Commission in granting the application was contrary to the laws of the State of Arizona and contrary to all the decisions of the Supreme Court of the state.

The Corporation Commission denied Alabam Freight Lines' petition for rehearing. Following this, a complaint was filed by the protestants in the Superior Court, alleging that the Corporation Commission exceeded its jurisdiction in that, among other things, the Commission issued no order after the 1953 application of Schade to Alabam directing that it improve or extend its service or to institute additional service to meet any public convenience and necessity. The court below found for the plaintiffs. It found that the common carrier rights granted to Schade Transfer & Storage Company, Inc., were void, and that the Corporation Commission acted without jurisdiction and contrary to law in granting those rights to Schade. From this decision and judgment of the trial court the Corporation Commission appeals.

The issue we must decide is: Where a certificate of convenience and necessity has been granted by the Corporation Commission to a carrier and another applicant requests a certificate to operate over the same route or territory served, may the Corporation Commission issue a new certificate of convenience and necessity to the second applicant without first ordering the common carrier which already has the certificate of convenience and necessity to supply the services which would be supplied by the new applicant?

If we decide this in the negative we must determine whether the order dated December 30, 1948, following the first application of Schade, which the Corporation Commission found was complied with by Alabam in its Decision and Order dated March 11, 1949, was sufficient fulfillment of the requirement that Alabam be ordered to supply the services which Schade claimed it would give in its second application made in 1953, or, must the Commission have issued a new order, pursuant to Schade's second application, directing the existing common carriers to comply?

We have held that when an applicant requests a certificate to operate over a route or territory already served by a common carrier the Commission must look at the conditions in being at the time of the application in question, and consider them in the light of the facts existing at the time the application is filed. Arizona Corporation Commission v. Gibbons, 86 Ariz. 210, 344 P. 2d 167 (1959); Corporation Commission v. Pacific Greyhound Lines, 54 Ariz. 159, 94 P.2d 443.

We said in Whitfield Transporation, Inc. v. Tucson Warehouse & Transfer Co., 78 Ariz. 136, 276 P.2d 954, 956:

"When application is made for a certificate which would conflict with one already issued, there is created an issue on a jurisdictional fact, to wit: whether and to what extent the existing carrier is rendering the service contemplated by the applicant. This issue must be determined by the commission in the manner prescribed by law as heretofore announced by this court. * * "

We have consistently held that where a second application for a certificate of convenience and necessity is made, the existing carrier must be given an opportunity to improve its service to meet the public need and unless the Commission finds that a common carrier will not furnish the services required it may not grant the second certificate. Tucson Rapid Transit Company v. Old Pueblo Transit Company, 79 Ariz. 327, 289 P.2d 406, and cases cited therein. Arizona Corporation Commission v. Pacific

Motor Trucking Company, 97 Ariz. 157, 398 P.2d 114 (1965).

Here, on the first application of Schade, the Corporation Commission ordered the protestants to improve their services to meet the public need as set forth in Schade's application. The Corporation Commission by order and decision found that the protestants did fulfill that public need.

■ Because only the conditions existing at the time of the second application of Schade should have been considered by the Corporation Commission, the Corporation Commission was required to give Alabam an opportunity to improve its service to meet the public need as set forth in Schade's second application. The question of whether the service proposed by the second application would conflict with the operations under an existing certificate was a question of jurisdictional fact. Whitfield Transportation, Inc., v. Tucson Warehouse & Transfer Co., supra; Arizona Corporation Commission v. Gibbons, supra.

The issuance of the certificate to Schade is void in that the defendants, the Corporation Commission, acted without jurisdiction.

Affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.