559 P.2d 193

HORIZON MOVING & STORAGE COMPANY, Horizon Moving and Storage Company of Sierra Vista, City Van & Storage Company, H & R Transfer and Storage Co., Inc., Tucson Warehouse & Transfer, Bekins Van & Storage Company, Arizona Moving and Storage Company, Ralph's Transfer and Storage Company, Farragut Transfer, all corporations, Appellants,

v.

Russell WILLIAMS, Charles H. Garland and Al Faron, or their successors, members of and constituting the Arizona Corporation Commission, B–Z–Bee Transportation & Warehouse Co., Inc., Valley Transportation & Warehouse Co., Inc., Snyder Transfer & Storage Co., Acoma Van & Storage, and Bob's Transfer, Inc., Appellees.

No. 1 CA–CIV 3213.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 23, 1976.

Rehearing Denied Dec. 24, 1976.

Petition for Review Denied Jan. 25, 1976.

Davis, Eppstein, Tretschok & Ford by Thomas J. Davis, Tucson, Minne & Sorenson by Richard Minne, Phoenix, for appellants.

Yankee & Bernstein by A. Michael Bernstein, Bruce E. Babbitt, Atty. Gen. by Rex Bronnenkant, Asst. Atty. Gen., Phoenix, for appellees.

OPINION

SCHROEDER, Presiding Judge.

This appeal involves the validity of the Corporation Commission's issuance of amended operating certificates authorizing the appellee carriers to move household goods anywhere within the state of Arizona. Appellants contend that the Commission, pursuant to the provisions of A.R.S. § 40–607(C), should have provided an oppor-

tunity for existing carriers to meet any inadequacies in existing services before it issued the amended certificates. We hold that the Commission was required to do so in this case and therefore we reverse the judgment of the Superior Court upholding the Commission's action in issuing the certificates.

The appellants are household goods carriers who, since 1951, have been operating pursuant to certificates authorizing them to serve the state of Arizona without territorial restriction. Appellee carriers (hereafter appellees) are movers who, prior to the institution of these proceedings before the Corporation Commission, held restricted certificates which authorized them to pick up household goods beyond a radius of 25 miles of their base of operations only with the permission of a carrier serving that area.[1] The appellees instituted these proceedings in February, 1972, when they applied to the Corporation Commission for an amendment of their certificate permitting unrestricted statewide moving of household goods.

The appellants appeared before the Commission in opposition, and argued that the Commission was required to follow the procedure required by A.R.S. § 40–607(C). The Commission, apparently concluding that the provisions of that statute were inapplicable, issued the amended certificates without ordering existing carriers to provide needed additional services. The Commission denied the petition for rehearing, and the Superior Court affirmed the Commission's decision. This appeal followed.

A.R.S. § 40–607(C) in part provides:

"[T]he commission may, after hearing, issue a certificate only when the existing common motor carrier operating over the route or serving the territory, will not provide service of a character and over an area deemed satisfactory by the commission."

This provision has been interpreted by our courts to mean that when a carrier requests a certificate to operate over additional territory served by an already-existing carrier, the Commission may not issue a new certificate to an applicant without first ordering the existing carrier to supply such services. *Corporation Commission v. Pacific Motor Trucking Co.,* 100 Ariz. 87, 412 P.2d 33 (1966); *Cagle Bros. Trucking Service v. Arizona Corporation Commission,* 96 Ariz. 270, 394 P.2d 203 (1964).

The record before the Commission in this case reflects that, despite specific protests by appellants asserting the applicability of that requirement, the Commission received no evidence concerning the adequacy of then-existing statewide service, and never issued any order requiring an upgrading of service by the appellants.

The position of the appellees is that the change in their certificates which they sought and received from the Commission did not constitute any new authority to operate in a "territory" already occupied by appellants or other carriers. Appellees point out that since they were already picking up goods on a statewide basis, albeit only with the permission of another carrier, the amendment did not involve any new grant of authority. Appellees maintain that, rather than applying the provisions of A.R.S. § 40–607(C), the Commission could properly amend the certificates within the provisions of A.R.S. § 40–252. That statute permits the Commission to "rescind, alter or amend any order or decision made by it." It is intended as a means whereby the Com-

---

1. Historically, all carriers in the state initially operated under certificates which limited them to delivering goods which originated within 25 miles of their base of operations. In 1948, the Corporation Commission issued General Order 113–A (now MV–12) which permitted carriers to pick up household goods outside their vicinity provided the pick-up was approved by a carrier authorized to operate in that area of origin. In 1951, the appellants applied for and received amended certificates from the Commission authorizing them to pick up and deliver goods at any point in the state without the permission of carriers in the pick-up territory. Thus since 1951, the appellants have been moving goods throughout the state without restriction, while appellees were precluded from pickups outside their base vicinity without the permission of another carrier.

mission may exercise continued regulatory control once a monopoly has been granted. *See Arizona Corporation Commission v. Arizona Water Company,* 111 Ariz. 74, 523 P.2d 505 (1974).

We reject appellee's contention that the change sought in their certificate was merely a "clarification" of their existing authority. In our view, the amendments here, by eliminating previous restrictions, would create new territorial authority; therefore, A.R.S. § 40–607 applies.

 Appellees additionally urge that these appellants lack standing to pursue judicial review of the Commission's action because their motion for rehearing before the Commission was inadequate. A.R.S. § 40–253(B) requires that any party seeking review of a Commission decision must first apply to the Commission for a rehearing. Appellants did so here. A.R.S. § 40–253(C) further requires that the application "set forth specifically the grounds on which it is based, and no person, nor the state, shall in any court urge or rely on any ground not set forth in the application."

The purpose of this provision is to afford the Commission the opportunity to correct its own mistakes before the matter is brought to court. *See State v. Arizona Corporation Commission,* 94 Ariz. 107, 382 P.2d 222 (1963). In this case, appellants' motion asserted only that the Commission's decision was "contrary to the law and the evidence as indicated in the transcript and the memorandum submitted by the said opponents in that it deprives the said certificated carriers of the right to operate their businesses . . . without due process of law." The motion is not a model of particularity or clarity. Nevertheless, the motion does reference the transcript of the hearing before the Commission and that transcript clearly reflects that the appellants' sole objection to the issuance of the amended certificates was lack of compliance with A.R.S. § 40–607(C).[2] Since in the circumstances of this case there was no

actual doubt or uncertainty as to the position of appellants on rehearing, we conclude that the form of the motion for rehearing is not a bar to the appellants' seeking judicial review of the Commission's action.

Finally, appellees contend that their certificates should be amended without regard to the provisions of A.R.S. § 40–607(C) because the certificates of appellants were amended in 1951 without regard to that statute. We note that the 1951 actions of the Commission were apparently accomplished in the absence of any protest or judicial review. The time for appeal has long since lapsed. The full record of those proceedings is not even before this Court. There is, accordingly, no issue appropriately before us concerning those proceedings, or their bearing upon the contested issues in this case.

The judgment of the trial court is reversed, and the matter remanded for proceedings consistent with this opinion.

WREN and EUBANK, JJ., concur.

---

2. That requirement has been held to be so fundamental to our regulatory system as to be termed prerequisite to the Commission's asserting jurisdiction. *Whitfield Transportation, Inc. v. Tucson Warehouse & Transfer Co.,* 78 Ariz. 136, 276 P.2d 954 (1954).